

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG 18 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

3349

| | | |
|---|---|---|
| JAMES COULTER, | § | |
| | § | |
| Complainant-Plaintiff, | § | |
| | § | |
| V. | § | **3-06CV1497-L** |
| | § | CIVIL ACTION NO. |
| JOHN E. POTTER, Postmaster General, | § | (JURY TRIAL DEMANDED) |
| UNITED STATES POSTAL SERVICE | § | |
| | § | |
| Agency-Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

COMES NOW, James Coulter, Complainant-Plaintiff, complaining of John E. Potter, Postmaster General, United States Postal Service, Agency-Defendant, and for cause of action would show:

## I.
### Parties, Jurisdiction & Venue

1.     Plaintiff James W. Coulter is an individual residing in Richardson, Dallas County, Texas.

2.     Defendant John E. Potter, Postmaster General, United States Postal Service (USPS or Agency) is the Agency head for USPS. Defendant Potter may be served with process by serving a copy of the summons and complaint upon the U.S. Attorney for the Northern District of Texas, 1100 Commerce Street, 3d Floor, Dallas, Texas 75242-1699, the U.S. Attorney General, U.S. Department of Justice, 10th & Pennsylvania Ave. NW, Washington, D.C. 20530, and Defendant Potter c/o USPS General Counsel, Civil Practice Section, 475 L'Enfant Plaza SW, Washington, D.C. 20260-1127.

3.     Jurisdiction of this matter lies under Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, 42 U.S.C. § 2000e-16(c), and 29 C.F.R. § 1614.407(a), as Plaintiff Coulter is bringing this Civil Action to review a final agency decision of the Equal Employment Opportunity Commission (EEOC), Office of Federal Operations ("OFO"), within ninety (90) of his receipt of the OFO's denial of his Appeal No. 01A52995, Agency No. 1G-756-0057-99, Hearing No. 310-2002-586X.

4.     Venue properly lies in the U.S. District Court for the Northern District of Texas, Dallas Division, pursuant to 42 U.S.C. §2000e-5(f)(3), since this is the judicial district in which the alleged unlawful employment practice occurred, and where Plaintiff Coulter worked, and 28 U.S.C. § 1391(e)(2),(3).

## II.
## Factual Background to Complaint

5.     Plaintiff Coulter was employed as a PS-4 Modified Mail Handler at the Dallas USPS facility.

6.     Plaintiff Coulter suffers from Bi-Polar Disorder, which causes him to have anxiety attacks, high blood pressure, severe headaches, chronic mood swings, and despondency. Plaintiff Coulter is treated with medication to suppress the symptoms of this disorder. At times, Plaintiff Coulter would be required to take periods off work to treat this disorder.

7.     Following a hospitalization, Plaintiff Coulter received a medical release to work on February 1, 1999.

8.     Plaintiff's First Level Supervisor, Roy Andy, had engaged in a pattern of harassment against Plaintiff Coulter following an incident in October, 1997, where

Plaintiff Coulter questioned his use of a forklift to move bulk mail in violation of union contract.

9.      Plaintiff's Second Level Supervisor, James Jones, and his boss, Bob Diehl, MDO, refused to allow Plaintiff Coulter to work following his return to work following his hospitalization, and issued him a letter scheduling Plaintiff Coulter for vocational rehabilitation due to absenteeism.

10.     Believing he was a victim of discrimination and retaliation, Plaintiff Coulter filed an EEO complaint alleging that the Agency discriminated against him in violation of Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.,* on the basis of disability (Bi-Polar Disorder) and reprisal for prior EEO activity. Plaintiff Coulter sought reinstatement to the Agency as a corrective action for the discrimination. Coulter's EEO complaint was given Case No. 1G-756-0057-99.

11.     The Agency accepted Coulter's claim as alleging discrimination when it issued him a letter dated February 10, 1999, scheduling him for vocational rehabilitation.

12.     On March 24, 1999, the parties reached a settlement agreement settling six of Coulter's pending EEO complaints, including Case No. 1G-756-0057-99. The settlement agreement provided that the Agency would do whatever possible to have Coulter reinstated as an employee at the Agency's Dallas facility.

13.     Coulter sought vocational rehabilitation. In a letter dated April 5, 1999, his counselor stated she was informed by OWCP that the Agency would not allow Coulter to return to his agency position, although it was her belief that he could successfully return to work.

13.     In late April, 1999, the Agency denied Coulter's effort to return to work.

14.     In August, 1999, Coulter filed a formal complaint in Case No. 1G-756-0057-99, alleging he was subjected to discrimination on the basis of disability by the letter of February 10, 1999, directing him to vocational rehabilitation due to absenteeism, and complaining that he was absent because the Agency would not allow him to return to work after his hospitalization.

15.     The Agency accepted the complaint for investigation, and complainant requested a hearing before an Administrative Judge (AJ) at the conclusion of the Agency investigation.

16.     Following the issuance of Show Cause Order, the AJ dismissed the complaint for failure to state a claim, finding Coulter had not suffered any adverse action. The Agency fully implemented the decision.

17.     On appeal, the Commission concluded the Coulter's complaint stated a claim, and reversed the Agency's decision, remanding the complaint to the Agency for further processing. *Coulter v. United States Postal Service,* EEOC Appeal No. 01A32557 (Aug. 30, 2004).

18.     On remand, a new AJ issued a Notice of Intent to Dismiss Hearing Request on the basis that the issues before her had been settled by the March 24, 1999 settlement agreement. In his response in opposition, Coulter stated:

> "At the March 24, 1999 Settlement Agreement redress hearing the following statement in the agreement is as follows "it is agreed that Olan Mathis will do whatever possible to have James Coulter reinstated to employment at the USPS BMC facility 2400 DFW Turnpike Dallas, Tx." *** Everyone, including Mr. Mathis, believed that I would be reinstated at the BMC, especially since the personnel with the agreement power to bind this agreement were to be present at this meeting. *This agreement was not followed."*

19.    The AJ dismissed the case again by decision dated February 8, 2005, finding the

issues had been previously settled by the March 24, 1999 settlement agreement.  In her

decision, the AJ stated that "if it is the Complainant's contention that the agency failed to

abide by the March 24, 1999 settlement agreement, then the proper area of redress is an

appeal to the OFO pursuant to 29 C.F.R. § 1614.504."

20.    On March 5, 2005, Coulter appealed the dismissal to the Commission.  In his

letter of appeal, Coulter stated:

> "If I am to request an appeal as suggested by Judge Maiben, then I do so at this
> time.  *If there is no reason for another appeal, then I would appreciate the order
> given by the OFO to be carried out.*
> ****
> If the March 24, 1999 [settlement agreement] is invalid for *non compliance, then
> all of my six cases should be reopened and decided on."*

21.    In a subsequent letter dated April 20, 2005, Coulter stated:

> "First let me say, that on Agency #1: 1G756005799 seems to have gotten twisted
> by the two judges.  I believe that Agency #1 was questioning the right of the
> Postal Service to put me on the program that they did, so far the only thing that
> the judges have been concerned with is the fact of the mediation document, never
> addressing whether the Postal Service was correct in them placing me in the
> rehabilitation program.  I had asked all pertinent questions as to their reasons and
> proof that I should have been place [sic] into that program, therefore I asked that
> *that be reviewed again after six years.  My EEOC complaint was not about
> whether they followed the settlement agreement or not, it has always been and
> will always be by what right did they have to justify that action.'*

22.    Seizing upon that language, the Agency submitted that the dismissal by the AJ

was correct, since the March 24, 1999 settlement agreement settled the pending EEO

matters, including 1G756005799.

23.    By decision dated July 26, 2005, the Commission, OFO, dismissed Coulter's

appeal, holding that "upon review of the entire record, we determine that complainant

failed to present any matter that is properly the subject of appeal." *Coulter v. United States Postal Service,* EEOC Appeal No. 01A52995 (July 26, 2005).

24.     Coulter timely moved for reconsideration on August 26, 2005. In his request for reconsideration, he stated "since the agreement that Mr. Mathis made *was not carried out, it should not be considered binding. A contract that is not mutually binding is not a contract"*

25.     By decision dated May 17, 2006, the Commission, OFO, denied Coulter's request for reconsideration, holding that the request for reconsideration failed to satisfy the criteria set forth in 29 C.F.R. § 1614.405(b). Additionally, the opinion stated:

> "In his request for reconsideration, complainant raises the issue of the agency's alleged noncompliance with the settlement agreement. However, complainant did not raise this as an issue in his initial appeal to the Commission.*** Thus, we decline to address herein complainant's allegation of the agency's noncompliance with the settlement agreement.    Furthermore, our prior decision properly dismissed complainant's appeal finding that complainant's complaint was settled as part of a March 24, 1999 settlement agreement."

26.     At all times pertinent herein, Plaintiff Coulter represented himself *pro se.*

27.     Plaintiff Coulter files this action within 90 days of his receipt of the Commission's decision dated May 17, 2006.

### III.
### First Cause of Action

28.     Plaintiff Coulter repeats and realleges Section II, ¶s 5-27 herein, as if set forth verbatim.

29.     On February 10, 1999, Plaintiff Coulter requested informal precomplaint counseling, asserting that his First Line Supervisor, Roy Andy, and Second Line Supervisor, James Jones, refused to allow him to return to work following his

hospitalization for his mental disability, Bi-Polar disorder. He sought damages of $350,000.00, and disciplinary action against his supervisors.

30. On March 24, 1999, the parties reached a settlement agreement settling six of Coulter's pending EEO complaints, including Case No. 1G-756-0057-99. The settlement agreement provided that Olin Mathis, MDO, would do whatever possible to have Coulter reinstated as an employee at the USPS BMC facility, 2400 DFW Turnpike, Dallas, Tx.

31. On April 5, 1999, Joyce Shoop, Coulter's OWCP rehabilitation counselor, wrote Olin Mathis to advise that Coulter was able to return to work at the USPS BMC facility, particularly since his First Line Supervisor, Roy Andy, that had been the source of job-related stress and harassment to Plaintiff Coulter, was working at another facility.

32. On April 30, 1999, Mr. Mathis wrote Ms. Shoop to advise that he had made "every effort possible to find suitable work within Mr. James Coulter's limitations" but that Mr. Coulter would not be returned to work at this time.

33. On or about June 24, 1999, Plaintiff Coulter sought informal counseling on the Agency's refusal to return to work despite the March 24, 1999 settlement agreement. He signed an agreement to extend the 30-day counseling process.

34. On July 12, 1999, Mr. Mathis wrote Jocelyn Price, EEO Counselor and Investigator, stating that while Plaintiff Coulter appeared to be physically able to work at BMC, he was unaware of the previous problems Coulter had experienced at BMC with Roy Andy, and that after talking with Mr. Deal, he agreed with him that it would not be feasible to bring Coulter back to work at BMC.

35. On August 9, 1999, Plaintiff Coulter filed his individual complaint of discrimination based on disability and retaliation for prior EEO activity, seeking

$300,000.00 as compensatory damages for deliberate aggravation of preexisting condition, to be treated with respect as a regular employee in regard to his disability, a letter of apology, and reinstatement with the Postal Service, and to be made whole for all lost wages and benefits. The Counselor's inquiry referenced the failure of Mr. Mathis to return Coulter to the facility based on Coulter's health problems.

36.    The Agency accepted Coulter's mixed case complaint on September 14, 1999.

37.    Despite four redress hearings and two appeals to the OFO, the Commission issued its final decision holding that the dismissal of Coulter's complaint was proper because the matters had been settled, and Coulter was only appealing the dismissal of his complaint of discrimination, not his claim for breach of the settlement agreement.

38.    The Commission's regulations, 29 C.F.R. § 1614.504(a) specifically provide that:

> "The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, *that the complaint be reinstated for further processing* from the point processing ceased."

39.    Plaintiff Coulter's complaint and appeals sought reinstatement of his complaint for further processing, based on the Agency's failure to return him to work *after* the March 24, 1999 settlement agreement.

40.    The Commission, OFO, failed to follow its regulations by reinstating Coulter's discrimination complaint following the Agency's refusal to return Coulter to work, despite the March 24, 1999 settlement agreement. The August 9, 1999 complaint specifically sought relief for discriminatory treatment based on his Bi-Polar Disorder and retaliation for his prior EEO activity, including his EEO complaint made on February 10, 1999, when the Agency refused to let Coulter return to work following his hospitalization.

41.     While the February 10, 1999 complaint was encompassed within the March 24, 1999 settlement agreement, the complaint filed by Coulter in August, 1999, was broader, and including the Agency's failure to return him to work *after* the March 24th settlement agreement.

42.     Pursuant to 29 C.F.R. § 1614.504(a), Plaintiff Coulter seeks a *de novo* resolution of his August 9, 1999 complaint for discriminatory treatment and retaliation for prior EEO activity.

43.     Pursuant to his complaint, Plaintiff Coulter seeks recovery of $300,000.00 in compensatory damages, including loss wages and benefits, and an Order of reinstatement to his position at the BMC, per the terms of the March 24, 1999 settlement agreement.

44.     Plaintiff Coulter seeks an award of prejudgment and post-judgment interest on his claim for damages at the maximum rate allowed by law.

45.     Plaintiff Coulter seeks recovery of his reasonable attorneys' fees and expenses, including expert fees, as part of costs, pursuant to 42 U.S.C. § 2000e-5(k).

## IV.
## Second Cause of Action

46.     Paragraphs 5-45 of this Complaint are repeated and realleged as if set forth verbatim.

47.     Plaintiff Coulter presented his claim that the Agency had failed to honor its obligations under the March 24, 1999 settlement agreement in his August 9, 1999 complaint, and in the subsequent remand and appeals thereafter.

48.     Agency failed to honor its obligations under the March 24, 1999 settlement agreement by returning Plaintiff Coulter to work at the USPS BMC facility.

49.     Pursuant to 29 C.F.R. § 1614.504(a), Plaintiff Coulter seeks a *de novo* determination that Agency breached the March 24, 1999 settlement agreement by failing to return Coulter to work at the USPS BMC facility.

50.     Plaintiff Coulter seeks recovery of $300,000.00 in compensatory damages, including loss wages and benefits, and an Order of reinstatement to his position at the BMC, per the terms of the March 24, 1999 settlement agreement.

51.     Plaintiff Coulter seeks an award of prejudgment and post-judgment interest on his claim for damages at the maximum rate allowed by law.

52.     Plaintiff Coulter seeks recovery of his reasonable attorneys' fees and expenses, including expert fees, as part of costs, pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, PREMISES CONSIDERED, Plaintiff James Coulter prays that Defendant John E. Potter, Postmaster General, United States Postal Service, be cited to answer and appear herein, and that upon final hearing hereof, Plaintiff Coulter recover his compensatory damages, prejudgment and post-judgment interest on his damages at the maximum rate allowed by law, reasonable attorneys' fees and expenses, including expert fees as costs, incurred in the prosecution of this matter in the district court and any and all appeals therefrom, and such other and further relief to which Plaintiff Coulter may be justly entitled.

Respectfully Submitted,

By:
STEVEN E. CLARK
STATE BAR NO. 04294800

THE CLARK FIRM
Elm Place
1401 Elm Street, Suite 3404
Dallas, Texas 75202
Tel.:  (214) 220-1210
Fax:  (214) 220-1218

ATTORNEYS FOR
PLAINTIFF JAMES
COULTER

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

JAMES COULTER

## DEFENDANTS

JOHN E. POTTER, Postmaster General, United States Postal Service

**(b)** County of Residence of First Listed Plaintiff _____ Dallas _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____ Washington D.C. _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Steven E. Clark, The Clark Firm, Elm Place, 1401 Elm Street, Suite 3404, Dallas, Tx. 75202-2927; Tel.: 214-220-1210,X120

Attorneys (If Known)

3-06CV1497-L

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 791, 42 U.S.C. 2000e-16(c) & 29 C.F.R. 1614.407(a)
Brief description of cause: -de novo review of OFO decision.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 300,000.00
CHECK YES only if demanded in complaint.
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE
August 18, 2006

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____